873 F.2d 1452
 11 U.S.P.Q.2d 1654
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul H. GALLAGHER, Plaintiff-Appellant,
v.
Donald J. QUIGG, Commissioner of Patents and Trademarks,
Defendant-Appellee.
 No. 88-1644.
 United States Court of Appeals, Federal Circuit.
 April 19, 1989.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Paul H. Gallagher, a registered patent attorney appearing pro se, appeals from a summary judgment, in a civil action under 35 USC 145, of the United States District Court for the District of Columbia, George H. Revercomb, Judge, sustaining a decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board) upholding an examiner's rejection under 35 USC 103 of claims 3, 5-10, 14 and 15 of Gallagher's U.S. Patent application Serial No. 349,203, filed February 17, 1982. We affirm.
 
 OPINION
 
 2
 Gallagher's argument that the district court applied an incorrect standard of review is not persuasive. In actions under Sec. 145 where the applicant fails to introduce additional evidence affecting particular fact findings of the board, the district court should accept those findings unless they are clearly erroneous. Fregeau v. Mossinghoff, 776 F.2d 1034, 1037-38, 227 USPQ 848, 851 (Fed.Cir.1985). The district court properly recognized and applied this standard. The district court also recognized that obviousness is a question of law based on underlying factual inquiries, and properly made an independent determination on the ultimate legal question of obviousness.
 
 
 3
 We disagree with Gallagher that the board and the district court improperly relied upon references from non-analogous arts in evaluating obviousness. The district court recognized and applied the appropriate legal standards explained in In re Wood, 599 F.2d 1032, 1036, 202 USPQ 171, 174 (CCPA 1979). Gallagher has failed to show error in the court's decision that the references relied upon were reasonably pertinent to Gallagher's problem of lightening the load of a land vehicle and were therefore available as prior art.
 
 
 4
 Gallagher asserts that "every statement that the court below made in its order is incorrect." We disagree. We have considered all of Gallagher's arguments but remain unpersuaded of any reversible error in the district court's decision.