878 F.2d 1445
 11 U.S.P.Q.2d 1654
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KNUDSEN & SONS, INC., Appellant,
v.
VITA-PAKT CITRUS PRODUCTS CO., Appellee.
 No. 89-1198.
 United States Court of Appeals, Federal Circuit.
 May 15, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and MAYER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board, sustaining Opposition No. 72,473 to the registration on the Principal Register of VITA JUICE for fruit juice, on the ground of likelihood of confusion with the opposer's mark VITA-PAKT for fruit juice, is reversed.
 
 OPINION
 
 2
 In determining likelihood of confusion, doubt is to be resolved against the junior user, and prolonged use by the senior user must be given due weight. However, priority and extent of use are not the sole considerations. All pertinent factors must be considered and given weight appropriate to the particular case. In re E.I. DuPont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). See generally Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1983).
 
 
 3
 The weight to be given to third party registrations depends on the similarities of the marks and other pertinent circumstances. The record shows extensive use of VITA in third party registrations, including the marks VITA FRESH and VITA MOST for orange juice, the same goods here contemplated, and VITA-LIFE and VITA PLUS for other juices. When the field is crowded with similar marks, the scope of protection is correspondingly narrow; and indeed the parties stipulated to that fact. Considering these factors and the dissimilarity between the terms PAKT and JUICE, we conclude that the board erred in its denial of registration on the ground of likelihood of confusion within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. Sec. 1052(d).